**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Cantina Horton
6880 Club Ridge Circle, Apt 79
Memphis, TN 38115

                 Plaintiff,

v.

Johnson & Johnson Company
1 Johnson & Johnson Plaza
New Brunswick, NJ 08933

Janssen Pharmaceuticals, Inc.
1125 Trenton Harbourton Rd
Titusville, NJ 08560

Janssen Research & Development, LLC
920 US Route 202
Raritan, NJ 08869

                 Defendants.

No.   2:26-CV-01765

**NOTICE OF REMOVAL**

Defendants Johnson & Johnson Company[1], Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC, ("Removing Defendants" or "Defendants"), through their undersigned counsel, hereby remove the state court action styled *Horton v. Johnson & Johnson Company, et al.,* Case ID No. 260300869 filed in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania.[2] Removal is warranted under 28 U.S.C. § 1441(b)

---

[1] Johnson & Johnson, incorrectly named as Johnson & Johnson Company, denies that it is a properly named Defendant in this action, as it did not design, manufacture, label, market, distribute, or sell Risperdall®, risperidone, Invega, or paliperidone. Johnson & Johnson is a parent and holding company that is separate and distinct legal entity from Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC (together, now known as Johnson & Johnson Innovative Medicine ("JJIM" or the "JJIM Defendants")).

[2] By removing this action to this Court, the Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. The Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, the doctrine of *forum non conveniens*, or any other applicable grounds.

because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332.

In support of removal, Defendants state the following:

1.  On or about March 5, 2026, Plaintiff commenced this action against Defendants by filing a Writ of Summons in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania styled *Horton v. Johnson & Johnson Company et al.*, Case ID No. 260300869.

2.  Plaintiff subsequently filed a Complaint on March 18, 2026.

3.  As of the filing of this Notice of Removal, Removing Defendants have not been served with the Complaint.

4.  Upon information and belief, no other defendant has been served with the Complaint.

5.  As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action as set forth in 28 U.S.C. § 1332, and Removing Defendants has satisfied the procedural requirements for removal.

**GROUNDS FOR REMOVAL**

6.  This action may be removed under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Complete Diversity of Citizenship Exists Between the Parties.**

7.  Upon information and belief, Plaintiff is a citizen and resident of the State of Tennessee. **Exhibit A**, Compl. ¶ 8.

8.      Defendant Johnson & Johnson is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Brunswick, New Jersey (*see* Compl. ¶ 9), and therefore, is a citizen of the State of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

9.      Defendant Janssen Pharmaceuticals, Inc. is, and was at the time Plaintiff commenced this action, a citizen and resident of Pennsylvania and New Jersey, with its principal place of business located at 1125 Trenton Harbourton Road, Titusville, New Jersey 08560 (*see* Compl. ¶ 10), and therefore, is a citizen of the Commonwealth of Pennsylvania and the State of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

10.     Defendant Janssen Research & Development, LLC ("JRD"), a limited liability company, is a citizen and resident of New Jersey, with its principal place of business located at 920 US Route 202, Raritan, New Jersey, 08869. *See* Compl. ¶ 11. Janssen Biotech, Inc., a New Jersey corporation, with a principal place of business in Pennsylvania, is the sole member of Janssen Research & Development, LLC. Id. At the time Plaintiff commenced this action, JRD was a citizen of the Commonwealth of Pennsylvania and the State of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

11.     Thus, there is complete diversity among the parties as no Defendant is a citizen of the State of Tennessee where Plaintiff resides.

**B. The Amount-In-Controversy Requirement is Satisfied.**

12.     Pursuant to 28 U.S.C. § 1332(a), the amount-in-controversy requirement for diversity jurisdiction is satisfied if the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

3

13. Plaintiff's Complaint asserts numerous counts under products liability theories for alleged personal injuries. The initial pleading does not set forth the dollar amount requested, but removal of this action is proper because the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

14. When a plaintiff does not allege a specific amount of damages in the complaint, the defendant holds the "burden of proving the amount in controversy on a motion to remand." *Irving v. Allstate Indem. Co.*, 97 F. Supp. 2d 653, 654 (E.D. Pa. 2000). "In determining whether defendant has met its burden of proof as to the amount in controversy, the Court may rely on the pleadings; stipulations and discovery evidence such as affidavits, depositions, and other documents relevant to the value of the claims; and the Court's judgment as to the reasonable value of the rights being litigated." *Id.*

15. Courts regularly find that the amount-in-controversy requirement is apparent from the face of the complaint where, as here, a plaintiff alleges serious bodily injury. *See, e.g., Shaw v. Thrift Drug, Inc.*, No. 98-cv-05170, 1998 WL 848103, at *4 (E.D. Pa. Dec. 7, 1998) (finding "a reasonable reading of the value of the rights being litigated exceed[ed] $75,000" where allegations included damages for bodily injury, medical bills, pain and suffering, loss of earnings, and loss of consortium.) Given the breadth of Plaintiff's alleged injuries, including but not limited to breast cancer, and scope of damages sought, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

16. It is readily ascertainable from her allegations that Plaintiff's action meets the amount in controversy for federal diversity jurisdiction. Plaintiff alleges that, due to Defendants, she developed breast cancer as a result of taking Risperdal. Plaintiff also alleges that, "[a]s a direct and proximate result Defendants' failure to provide an adequate warning of the risks of Defendants

Drugs, [she] has been injured, sustained severe permanent pain,, suffering, disability, impairment, loss of enjoyment of life, economic loss and damages including, but not limited to past and future medical expenses, lost income, and other damages. *See, e.g.*, Compl. ¶ 157.

17.     Given the nature of the action and the severity of the physical, mental, and economic damages sought by Plaintiff, it is plain from the face of Plaintiff's Complaint that the recovery sought exceeds $75,000. Accordingly, the amount-in-controversy requirement is satisfied.

### C.  The Other Prerequisites for Removal Have Been Satisfied.

18.     This case is removable under 28 U.S.C. § 1441(a) because the forum defendant rule of 28 U.S.C. § 1441(b)(2) does not apply here.  The "plain meaning [of § 1441(b)(2)] precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served."  *See Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (emphasis added).  Defendants may properly remove a case to federal court on the basis of diversity jurisdiction when the forum defendant has not been served with the complaint at the time the case is removed.  *Id.* at 152-54; *see also Mendoza v. Ferro*, No. 18-cv-03807, 2019 WL 316727, at *1 (E.D. Pa. Jan. 24, 2019) (denying plaintiff's motion to remand because "the plain meaning of the forum defendant rule 'precludes removal on the basis of in-state citizenship *only when the defendant has been properly joined and served*.'" (quoting *Encompass*, 902 F.3d at 152) (emphasis added)).

19.     In addition to satisfying the requirements of diversity jurisdiction, Defendants have satisfied all other requirements for removal.

5

20.     The Complaint was filed on March 18, 2026.  Upon information and belief, the Complaint has not been served on any defendants.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

21.     The Court of Common Pleas of Philadelphia County is located within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1441(a).

22.     No previous application has been made for the relief requested herein.

23.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders are attached collectively as **Exhibit B**.

24.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Court of Common Pleas of Philadelphia County.

WHEREFORE, the Removing Defendants respectfully removes this action from the Court of Common Pleas, Philadelphia County, bearing Case Number 260300869, to this Honorable Court.

Date: March 18, 2026                              Respectfully submitted,

                                                  */s/ Molly E. Flynn*
                                                  Molly E. Flynn (Atty. ID No. 205593)
                                                  BARNES & THORNBURG LLP
                                                  1717 Arch Street, Suite 4900
                                                  Philadelphia, PA  19103-2825
                                                  Telephone:  (445) 201-8900
                                                  Facsimile:  (445) 201-8901
                                                  molly.flynn@btlaw.com

                                                  *Attorneys for Defendants*
                                                  *Johnson & Johnson Company, Janssen*
                                                  *Pharmaceuticals, Inc., and Janssen*
                                                  *Research & Development, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing Notice of Removal via the Court's CM/ECF system, which sent a Notice of Filing Activity to all counsel of record with a CM/ECF account.  The document is available for viewing and downloading from that system. A copy of the filing was also contemporaneously emailed to the following counsel of record:

Robert Brent Wisner
Wisner Baum
11111 Santa Monica Blvd
Suite 1750
Los Angeles, CA 90025
rbwisner@wisnerbaum.com

*Counsel for Plaintiff*

Date: March 18, 2026                              */s/Molly E. Flynn*
                                                   Molly E. Flynn